Thank you, Your Honor. On November 18, 2009, a Washington trial court found that appellee Jack Kristol had no ownership interests, either legal or equitable, in StatNet Work Solutions LLC, a company created by Haynie. This was because the court found no prior enforceable agreement existed to confer such interests. Kristol appealed this ruling, and the Washington Court of Appeals upheld the trial court. Notwithstanding both of these rulings, and indeed completely contrary to them, a later judge in the same case determined a prior enforceable agreement did exist. In August of 2012, the second judge entered judgment for $798,205 in favor of Kristol against Haynie, premise on an agreement previously ruled unenforceable. Judge, I honestly believe that this is a five-day trial where the plaintiff was able to put on evidence, exhibits, and witnesses. The bankruptcy court should have ruled on the evidence before it instead of relying on a default judgment, and then that default judgment's premise with only hearing damages. So there's, I guess there's two aspects to your argument. One is the second judgment shouldn't have preclusive effect because it was a default. Let's put that on. I understand that. Let's put that on the side just for the moment. But the second argument you have is that the second judgment shouldn't have preclusive effect because it's inconsistent with the first judgment. So is it your view that where you have inconsistent judgments like that, neither one should have preclusive effect, or the first one, or what is it? What should the rule be? The rule should be that neither judgment should have preclusive effect, and the trial court should have then ruled on the evidence presented before it. Just so I understand, is there any case law support for that proposition, or it's just what sort of makes sense in your view here? Judge, it is what makes sense in my point of view. Okay. Any other questions, your honors? Not yet. Go ahead. Honestly, judges, I'm going to take what you said at the beginning to heart. I believe that you've read the briefing and you understand the case inside out. I'm really just going to open it up to questions to see where the court is wanting to lean with any further explanation. Fair enough. I mean, I guess the second part, the part of your argument that I put aside a minute ago was whether the second judgment should have preclusive effect because it was, in your view, a default judgment. Is it really a default judgment? I mean, it did show up in the case at the beginning. I think he answered, participated for a while, then dropped out. So is it really a pure default situation that should not have any preclusive effect? Judge, the finding that he had liability to Mr. Haney, excuse me, to Mr. Crystal in any way, shape, or form, was by default in essence. The first case was bifurcated. Therefore, Mr. Haney did not participate as a party, but as a witness. Now, his business participated as a party, and he even participated pro se. So when it came down to the second case, yes, he filed an answer and a counterclaim, but he never actually participated in the trial. He wasn't one. I'm sorry. Go ahead, Mr. Laffer. Go ahead, Judge Laffer. I'm sorry. But he was a party the whole time. Is that he was? He was a party. He was up when the case was originally filed. Yeah, it was a party then bifurcated out. That case went to the Court of Appeals. OK. And then after the Court of Appeals decision came down in 2012, then a default judgment was taken against Mr. Haney. But he was a party the whole time, or he was somehow severed out? He was severed. I believe he was severed out. He was bifurcated out from that very first decision. I have to ask you about that because the first decision said at the beginning that he waived the right to participate as a party. Yes. I've never quite heard that a court use that phrase before, but that's what the court said. Yes, it is a little bit confusing for me as well. So he was a party. He chose not to be a party, but participated in the trial, was a witness, and then it got appealed. And then the bifurcated portion as to his personal liability to Mr. Crystal was then taken by default. And then the only decision, the written decision that the second trial court then puts on is a damages decision, but then makes all of these conclusions based off of the plaintiff's default, based off of their complaint, even though the complaint itself does not run harmoniously with what the court of appeals affirmed, and that is that Mr. Crystal at no point had any equitable or legal interest in stat networks. So you're saying it's like two separate cases then. The first case did not involve your client. The second case did, and there's inconsistent judgments between these two cases. Is that right? Essentially, the first case had him involved. For some reason, he stopped being involved, whether that was on legal advice or just for ease of the court. That's what happened. I didn't participate in those cases, but that's what I read from the decisions. And then when it's moved on, he never has an opportunity to defend himself, to bring up any of these challenges. He does. He does have an opportunity. He just chose not to. Well, that's where the crux lays, Your Honor. Whether or not he received notice of this is really an issue. Except I think the bankruptcy judge found that he did receive notice, and I didn't think that he challenged that. Did you challenge that on appeal? No, Your Honor. I did not, so I will not go there. I think we're... Your Honor, I'm not sure if I was still answering the question. No, you've got me. You've got me covered. Any other questions, Your Honors? Not for me. No. No, thank you very much. I'm fine. Thank you. Thank you, and I rest my time. Okay, we'll let you reserve the rest of your time for rebuttal if you wish. So, Mr. Schmidt, go ahead, please. I'm sorry, your microphone is muted. The most common words said on Zoom. We're all getting used to this. Is this better? Yeah, we got you now. Well, we don't know yet. I can start my time then. All right, go ahead. All right, may it please the Court. My name is Mike Schmidt, and I represent Mr. Jack Viapelli. It sounds like this Court has read up on the issues and is familiar with things, so I'm not going to go over any of the facts. But I did want to, first thing first, point out that there are no transcripts regarding the proceedings. It's all based on just the exhibits and a very I'm not going to spend too much time going over what I argue in my brief, but a failure to designate the transcripts of the lower court's proceedings that are necessary for appellate review is grounds for summary affirmance, and that's the In Re Muff decision, 514 BR 719. But that would only be on questions of fact, right? If there's pure questions of law, we could still look at those, correct? Precisely, precisely. And he didn't challenge the finding of the Court with respect to the fact that Mr. Haney did receive notice. The Court made that finding, and it made that finding based on testimony and based on some of the documents that are before this Court and what they implied. And so, and Mr. Haney concedes in his reply brief that the Bankruptcy Court admittedly relied on testimony when it determined that when he moved in 2007, it didn't deprive him of notice and that he did get notice. So there we have it. It was not a true default. So preclusion, so that preclusion applies, giving conclusive effect to the Second State Court judgment. Rather, preclusion does apply, giving conclusive effect to the Second State Court judgment. The trial court found that Haney had a fair opportunity to litigate the issues determined in the Second State Court judgment. He got notice. He chose not to show up. He substantively lost the remaining claims that weren't addressed in the first half. And that's, I think, one of the most important aspects of this appeal, the default versus not a true default. And that's what the court, the Bankruptcy Trial Court found. And that matters because he could have raised the race judicata or issue preclusion substantively at that time in the second half, but he didn't. And that's what this distinction between the first judgment or the last judgment rule looks at. And that's why the policy around all of the states, although sometimes the states don't follow that, Washington's never been a state that hasn't followed it. And that is the summary affirmance could be appropriate because of that specific finding. He had a full and fair opportunity to litigate it. He didn't raise race judicata or issue preclusion based on the first half. And so he stuck with it. And he didn't appeal it. I want to next turn our focus to the bifurcated trial and Haney's direct participation because this court did have some of those questions. And I want to put this in context. So Haney claims that the what is the scope of what could be determined and what couldn't in that first half? We need to figure that out because if it's not actually litigated, we don't have any preclusive effect. And how do we determine that? Well, it's pretty easy from the record. The parties had agreed as recited in that first state court judgment by agreement of the parties, the issue to be decided by the state court was limited to a determination regarding the existence or nonexistence and percentage, if any, of plaintiff plaintiff Jack Crystal's ownership interest in stat. So the first half only looked at the breach of contract claim vis-a-vis the third parties who had purchased an interest in stat from him. Well, it's not. Is it really clear that it's only vis-a-vis the parties? I mean, the court didn't say that part, right? I mean, you're that's one thing the court could have said, but the court really didn't say that. I think that the court went a little bit beyond that in saying, yeah, there wasn't a contract that was enforceable for the transfer of of that interest. But in in stating that that's what the parties had agreed to do, if the court goes beyond that, then my client, Jack Crystal, didn't really have an opportunity to litigate those other issues that Lance Haney wants to say were litigated. But doesn't his whole claim to an ownership interest turn on this agreement? Did he have any basis for an ownership interest other than the agreement? Yes. And I'm going to get to that in a bit. But there was there were also so the first half was a breach of contract and the attempt to try and claw back his interest that Haney sold that my client, Jack Crystal, didn't want to be sold. But the decision, the first half is even entitled findings of fact, conclusions of law and entry of judgment in favor of defendants Davis and Stat Network Solutions LLC. So that it was in their favor. It was not in Haney's favor. Crystal's claims also included and these were not resolved in the first half breach of fiduciary duties, conversion and usurpation of business opportunities. So that first half didn't determine whether Jack Crystal could recover damages based on breaches of fiduciary duty, conversion or usurpation. And those are all separate from whether there was an agreement in your mind. Sure, yes, because if if if there and the court said enforceable agreement. But yeah, those are different because even if they maybe never reached an agreement, there could still be an opportunity that they shared between them and that he usurped that opportunity. There still could have been a fiduciary relationship that that started. I mean, if I go into a partnership with my friend and we say we're going to do this thing, then you have an agreement, then you have an agreement. Yeah, because the question the question in my mind is if the first finding is there's no agreement, what what's the font of all these other duties? The finding was that there was not an enforceable agreement regarding formation of the LLC, so he took his corporate opportunity. But there's some other kind of agreement is what you're saying, right? Yes, exactly. OK. And and those those were issues that needed to be litigated in the second half. They weren't they weren't addressed by by express limitation of what was going to be litigated in the first and who the parties were. It was not it's not preclusive. The state court could have helped us out a little bit on that, don't you think? I mean, it could have been made clearer in the court's orders, right? Right. And I think that that's kind of part of the reason why it is the same case. And it turned out to be two judges. But if Haney had appeared in the second half, which he received notice of, then and he could have made those arguments and it could have been clarified. It was his decision not to do that and not to bring those arguments up that has left us kind of in a little bit of an awkward situation. And that's unfortunate. So I think that it's pretty clear that that he abandoned the lawsuit. It's not a true default. In fact, he had a counterclaim. He should have known that there needed to be additional proceedings just to to address his counterclaim. If nothing else, he was seeking indemnification and money. His argument was, well, if if this was our business, why haven't you helped me out by paying all of these legal fees to fight with these guys who have this interest? And so it's a bit of a alternative pleading type argument. But he abandoned that. And so. The crux of the issue, and I think the main decision and point of law that said issue that that this court asked Mr. Riad about is, you know, the first or last in time rule, which which would control in Washington. And I think that before we even get there, we should look at the civil rule 60 or CR 60, as we call it in Washington. CR 60 is the corollary of the last in time rule. That is to say, the last in time rule is incidentally and logically supported by Washington's adoption and adherence to CR 60. And that rule tells us that if a court has jurisdiction over you in Washington, you need to seek to set it aside and give your justifications using the listed factors. And they say it cannot be collaterally attacked. And I cited to the authority. And so Haney was subject to the jurisdiction of the Washington court because he answered the complaint and he even filed a counterclaim. So it follows that he will be bound by a judgment if one's entered against him. And CR 60 gives Haney all the remedies and substantive due process he needs to set aside that judgment if he feels that it was unfair. And just like the last in time rule in Washington, you have to raise your defenses, including raise judicata if you have that defense. And so if we look at before setting a judgment aside in Washington, they consider one, whether the defendant has a meritorious defense. Two, the reason the defendant failed to appear. Three, whether the defendant acted diligently upon learning of the default. And four, the effect upon the plaintiff if the judgment is vacant. So Haney conclusively received notice. We know that because that was based on the finding of fact and we don't have the transcript before us. And so he received notice related to the trial and the notice of judgment that was entered against him in the mail. And that's that. He got notice. He needed to follow CR 60. He hasn't. The court had jurisdiction to collaterally attack it at this juncture. It's just, it's inappropriate. And so now we turn to the actual second in time rule, leaving aside CR 60. Let me check my time here. Four minutes, a little more than four minutes. So the second restatement of judgments, which is cited by appellant, explains the rule very clearly. And it also gives instance after instance in, in the notes and the examples of where the courts have upheld that rule. And I think that there was a, there was a really good reference among those citations to some arguments and analysis from the late Supreme Court Justice Ruth Bader Ginsburg while she was a professor. And she says, a first in time rule would lessen the inception of the party discontented with the first adjudication to relitigate. But his opponent has at his disposal in the second round, the standard means of resisting an unjustified claim. The race judicata defense is available to him and an appellate avenue for correct correction of erroneous rejection of his defense. Last in time is thus consistent with the function of race judicata as a normal, but not specifically prized affirmative defense. Race judicata is not interjected by a court sua sponte. It is up to the parties to raise or not raise the prior adjudication as they see fit. And then she goes on to just point out that you need to make these arguments yourself. The court's not going to do it for you. And the decision not to raise the prior adjudication or to discontinue the contest concerning its effect by failing to utilize an opportunity for direct review settles the matter. And so that has been the overwhelming majority rule. The bankruptcy courts analysis, the trial court in bankruptcy, its analysis was correct. CR 60 supports the last in time approach. The second restatement supports the approach. And as I cited in my brief, the Washington practice series, which is used by all of us attorneys in Washington, every time there's something new in terms of that, that supports this approach. And I'm not going to go through that because probably don't have time anyway. But there's, Haney argues that collateral estoppel doesn't work in injustice or he argues that it works in injustice, but it really doesn't because he could have raised race judicata in the second half, but he didn't. He shouldn't have abandoned the lawsuit. Haney's decision to ignore the notices that were mailed to him was his own fault. If Haney didn't give the court his new address when he moved, well, that's also his own fault. Haney abandoned his own counterclaim and he should have known that there were remaining claims stated against him. And he could have and should have sought to set aside the second half judgment using CR 60 if he needed to. And the last argument that was raised by Mr. Riad was that offensive use of issue preclusion is inappropriate. But I just want to let the court know and briefly analyze that that's not what occurred. Offensive issue preclusion is a plaintiff sitting on the sidelines waiting for negligence to be found based on him and another plaintiff, like a motor vehicle accident. If Plaintiff 2 can reap the rewards of Plaintiff 1, so that Plaintiff 2 can reap the rewards of Plaintiff 1's success. Here, Haney, not Jack Crystal, sat on the sidelines and failed to defend himself and failed to assert in Part 2 that he'd allegedly won. He hadn't. So he needed to raise race judicata in Part 2 to win on that theory. So offensive use of issue preclusion is inapplicable in this case and it's certainly not that this court uphold the bankruptcy trial court's decision. I'm happy to answer any questions. Any questions from the panel? No. Thank you, no. Okay. All right. Thank you very much. Mr. Riad, you have about seven and a half minutes, I think. So if you want to use it, go ahead. Thank you, Your Honor. I do find Mr. Schmidt's argument here interesting regarding that Haney should have, Haney could have, and Haney didn't. But Haney did. Where we come down to is, had there been an appropriate decision from the state court finding that Haney converted or usurped any business opportunity from Crystal, we would not have had to go to a five-day trial where the court had to have seen evidence and witnesses from the plaintiff. What happened is the court took all this evidence that was presented to it and then decided to rely on the state court's decision for a majority of its ruling. And that's where I believe the error happens. Had the court ruled on the merits or essentially the evidence presented before it, because as the evidence presented before it, maybe a different decision could have been made, but the reliance on the state court decision was the improper part. If the state court decision had preclusive effect as stated by the bankruptcy court, then we should have never gone to trial, or this could have been easily won on summary judgment. But it wasn't. The court took action and went to trial and then made a decision based off of something that Mr. Haney never had an opportunity to participate in. Judges, I open for questions. I don't have any panelists. Any questions? I have no further questions. Thank you. Thank you. Thank you for your time this morning. Okay. Thank you both for very good arguments. The matter is submitted and you'll be getting our decision in due course.
judges: Faris, Lafferty, Brand